# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

STONCOR GROUP, INC.,                :

               Appellant    :

        v.                :    NO.  13-1448

SPECIALTY COATINGS, INC.,        :

             Appellee.    :

                         :

## MOTION BY APPELLANT, STONCOR GROUP, INC., TO ACCEPT ELECTRONIC COPY OF BRIEF OUT OF TIME

### Introduction

Appellant StonCor Group, Inc. ("StonCor", pronounced "Stone Core"), filed paper copies of its principal brief on the date its brief was due, namely 26 September 2013.  StonCor did not file an electronic copy of the brief through the CMECF system at that time.  Counsel relied on the Court's Rules of Practice as published on the Court's website, without realizing that a separately-published Administrative Order made electronic filing mandatory.

The Court's website allows practitioners to access the Court's current Rules of Practice without ever seeing the web page that contains the notice of the Administrative Order requiring electronic filing.

StonCor respectfully requests that the Court accept the electronic copy of StonCor's brief, which is being filed concurrently herewith, in addition to the paper copies of StonCor's brief that were timely filed on 26 September 2013.

### Argument

Under Federal Circuit Rule 26(b), a post-deadline motion to extend the time for filing a brief must be accompanied by an affidavit or unsworn declaration under penalty of perjury describing the extraordinary circumstances that caused the party's failure to timely file the brief.[1]  The movant must state whether any other parties object to the extension and, if so, whether that party intends to file a response in opposition to the motion.[2]  In addition, the motion must state "(A) the date to be extended; (B) the revised date sought; (C) the number of day of extension sought; and (D) the total number of days of extension previously granted to the movant."[3]

By Order dated 2 October 2013, the Court rejected StonCor's brief because it was not filed electronically in the CMECF system.[4]  The Court's Order directs

---

[1]  Federal Circuit Rule 26(b)(1).

[2]  Federal Circuit Rule 26(b)(3).

[3]  Federal Circuit Rule 26(b)(4).

[4]  The Court's 2 October 2013 Order is attached to this Motion as Exhibit A.

that a corrected brief must be filed within 14 days of 2 October 2013, namely by 16 October 2013, "or there could be adverse consequences."[5]

As counsels' accompanying Declarations[6][7] explain, counsel relied on the Court's Rules of Practice published on the Court's website, without realizing that a separately-published Administrative Order made electronic filing mandatory.

StonCor's lead counsel, Charles N. Quinn asked a law firm colleague Joseph D. DiGuglielmo to assist in preparing StonCor's principal brief to this Court.[8]  In anticipation of preparing the brief, both Attorney Quinn and Attorney DiGuglielmo separately accessed the Court's website[9] and hovered the pointer over the "Rules of Practice" tab at the top of the home page.[10]  By hovering the pointer over the tab, a roll-down menu appeared that contained the link to the "Rules" page.[11]

Independently, Attorney Quinn and Attorney DiGuglielmo each clicked directly on "Rules," which directed them to the web page containing the text:

---

[5]  *Id.*

[6]  The Declaration of Charles N. Quinn, Esquire, is attached as Exhibit B.

[7]  The Declaration of Joseph D. DiGuglielmo, Esquire, is attached as Exhibit C.

[8]  *See* Exhibit B, ¶ 3; Exhibit C, ¶ 3.

[9]  http://cafc.uscourts.gov/

[10]  *See* Exhibit B, ¶ 4; Exhibit C, ¶ 4.

[11]  *See id.*

"RULES  Please click here to see the Rules of Practice."[12]  The page contains a link to a PDF file containing the Federal Circuit Rules side-by-side with the Federal Rules of Appellate Procedure.[13]  Both Attorney Quinn and Attorney DiGuglielmo printed paper copies of that PDF file for their use in preparing StonCor's brief.[14]

Unfortunately, by hovering over the Rules of Practice tab — instead of clicking on the tab — the Court's website directs counsel around, not through, the Court's "Notices" web page.[15]  After filing StonCor's brief on 26 September and receiving the Court's 2 October Order necessitating this motion, StonCor's counsel discovered that the fifth Notice down on the "Notices" page, which neither Attorney Quinn nor Attorney DiGuglielmo had previously accessed[16], contains a link to the Court's Administrative Order regarding electronic case filing.[17]

In preparing StonCor's principal brief, Attorney Quinn and Attorney DiGuglielmo referred exclusively to the Court's Rules of Practice that each had

---

[12]  *See id.*; *see also* http://www.cafc.uscourts.gov/rules-of-practice/rules.html

[13]  *See id.*; *see also* http://www.cafc.uscourts.gov/rules-of-practice/rules.html

[14]  *See id.*

[15]  *See* Exhibit C, ¶ 5

[16]  *See* Exhibit B, ¶ 4; Exhibit C, ¶ 4.

[17]  *See* Exhibit C, ¶ 6.

printed from the Court's website.[18]  From the Rules, counsel determined that

Federal Circuit Rule 31(b) required StonCor to file "12 copies of each brief,

including the original."[19]  Considering Rule 31(b), requiring paper copies,

StonCor's counsel concluded that electronic filing was not mandatory in view of

Federal Circuit Rule 32(e), which states that, "[i]n addition to filing of a paper

brief, a party ***may*** file a corresponding brief contained on a compact disc"

(emphasis supplied).[20]

StonCor filed the 12 paper copies of its principal brief on the day the brief

was due (26 September 2013) and elected not to file a corresponding brief on

compact disc, as permitted — but not required — by Rule 32(e).[21]

The Court's 2 October 2013 Order rejected the brief for filing and advised

that the brief must be filed electronically, along with a motion to file the brief out

of time.[22]

Concurrenlty with filing this Motion, StonCor is filing an electronic copy of

StonCor's brief, which electronic copy is identical to StonCor's timely-filed paper

---

[18]  *See* Exhibit B, ¶ 7; Exhibit C, ¶ 7.

[19]  *See* Exhibit C, ¶ 8.

[20]  *See* Exhibit C, ¶ 8.

[21]  *See* Exhibit C, ¶ 9.

[22]  *See* Exhibit A.

copies of the brief, filed on 26 September 2013, except that Attorney Quinn's handwritten signatures within the brief are replaced by his electronic signature[23].

From the foregoing, (A) the date to be extended is the 26 September 2013 due date of StonCor's principal brief; (B) the revised date sought for filing StonCor's brief (both electronic and the paper copies, a first set of which were filed on 26 September) is 10 October 2013; (C) StonCor seeks an extension of 14 days from the original due date of the brief and eight days from the Court's Order rejecting the brief; and (D) the total number of days of extension previously granted to the movant is 45, which were requested by Attorney Quinn in response to a series of health issues following surgery[24].

StonCor's counsel has attempted to consult with Appellee, Specialty Coatings, Inc.'s counsel as to whether Specialty Coatings intends to oppose this Motion.  As of the filing of this Motion and StonCor's brief, Specialty Coatings' counsel has not responded to counsel's communications[25].

Specialty Coatings will not be prejudiced by the Court's acceptance of StonCor's electronical brief because StonCor served two paper copies of its 26 September 2013 brief at the same time as StonCor's paper briefs were transmitted

---

[23]  *See* Exhibit C, ¶ 10.

[24] *See* Exhibit B, ¶ 6

[25] *See* Exhibit B, ¶ 10

to the Court for filing.  Indeed, Specialty Coatings may benefit from extra time to prepare its own brief.

A copy of StonCor's Certificate of Interest is attached to this Motion as Exhibit D.

### Conclusion

For the above reasons, StonCor respectfully requests that the Court grant this Motion and accept the electronic copy of StonCor's principal brief for filing. StonCor also requests that the Court accept the previously filed paper copies of the brief in satisfaction of the requirement of ECF-10 of the Court's 17 May 2012 Administrative Order, which requires that six paper copies of briefs be filed with the Court.

Respectfully submitted,

FOX ROTHSCHILD LLP

Date:  10 October 2013

/s/ Charles N. Quinn
Charles N. Quinn
747 Constitution Drive, Suite 100
Exton, PA  19341
(610) 458-4984
(610) 458-7337 (facsimile)
cquinn@foxrothschild.com
*Attorneys for Appellant,*
*StonCor Group, Inc.*

# EXHIBIT A

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## 13-1448 - StonCor Group, Inc. v. Specialty Coatings, Inc.

### Brief for Appellant

### <u>ORDER</u>

The foregoing, having been received and examined is not in compliance with the rules of this court and is therefore rejected for filing at this time.

A corrected brief or appendix must be filed within 14 days from the date of this order or there could be adverse consequences. **Please read this letter carefully as some of the items may not apply to your appeal.**

- If the submission is rejected due to the principal attorney not filing an **Entry of Appearance and/or Docketing Statement**, you do not need to comply with the below mentioned items. Promptly submit the required form(s) [form(s) can be obtained on the court's website www.cafc.uscourts.gov]. Once the entry of appearance and/or docketing statement is received, your brief will be accepted for filing.
- If the submission is rejected for being **out of time**, you do not need to comply with the below mentioned items. Leave of court, requested by motion, to file the submission out of time is required.

The deficiencies are set forth in the attached listing. <u>The following shall apply when making corrections</u>:

1. Counsel may elect to make corrections to the rejected version held in the Clerk's Office, or file a new, corrected brief. *(Applies to briefs filed in paper format only.)*
2. To make corrections to the copies held in the Clerk's Office, an appointment is required. Corrections must only be made by counsel of record or by designee. Briefs cannot leave the Clerk's Office. (See Practice Note 32) *(Applies to briefs filed in paper format only.)*
3. Inserts cannot extend beyond the original pages and cannot be left loose in the brief. *(Applies to briefs filed in paper format only.)*
4. The corrected brief must have the word "CORRECTED" on the cover.
5. The corrected version must be served on all counsel.
6. The corrected version must be accompanied by a new proof of service.
7. The deficiencies cited in this order must be the only changes made to the brief or appendix.

Calculation for the next filing starts from the mail service date of the original version, not the corrected version.

If you wish to speak to a deputy clerk about this order and your appeal number ends in 1, 2, 4, 5 or 8 please call 202-275-8034. If your appeal number ends in 0, 3, 6, 7 or 9 please call 202-275-8029. Please consult the Rules of Practice before you call and have them at hand.


FOR THE COURT

October 02, 2013                                    /s/ Daniel E. O'Toole
                                                    Daniel E. O'Toole
                                                    Clerk


cc: Thomas Hoxie

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## 13-1448 - StonCor Group, Inc. v. Specialty Coatings, Inc.

The Brief for Appellant has been rejected for following reasons:

- The brief was not filed electronically in the CMECF system.  All filings in this appeal must be made in the ECF system. A motion to file the brief out of time is now required.
- When re-filing the brief, please select the "brief tendered" event, relief "opening brief".  The motion to file the brief out of time must be filed separately using the "motion filed" event, relief "extend time".

# EXHIBIT B

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

STONCOR GROUP, INC.,                    :

                 Appellant     :

         v.                    :     No. 2013-1448

SPECIALTY COATINGS, INC.,              :

                 Appellee.     :

                          :

## DECLARATION OF CHARLES N. QUINN

1.      I, Charles N. Quinn, hereby declare that I am a citizen of the United States, residing at 419 Bowen Drive, Exton, Pennsylvania, 19341, and am a partner in the law firm of Fox Rothschild LLP, having my principal office at 747 Constitution Drive, Suite 100, Exton, Pennsylvania, 19341.  I have been a member in good standing of the Bar of this Court for over twenty years.  Additionally, I have been a member in good standing of the Bar of the Supreme Court of the Commonwealth of Pennsylvania for forty years, since 3 October 1973, and I have been admitted in good standing to practice in patent matters before the United States Patent and Trademark Office since 1974.   I have never been the subject of any disciplinary proceedings before any court or administrative tribunal.   I am the attorney for Appellant, StonCor Group, Inc. (hereinafter "StonCor") in the above-referenced matter.

1

2.      I make this Declaration in support of StonCor Group's Motion to Accept Electronic Copy of Brief Out of Time, after StonCor timely filed paper copies of its Brief but did not file an electronic copy.  The statements made herein are based on my own personal knowledge.

3.      After filing the Notice of Appeal with the Trademark Trial and Appeal Board on 3 May 2013, I asked Joseph DiGuglielmo, an attorney in the Litigation Department of our firm for his assistance in preparing StonCor's principal brief in connection with the appeal to this Court.  I selected Mr. DiGuglielmo to help because I knew I would need help and I know Mr. DiGuglielmo to be a very bright, capable, litigation attorney.  Mr. DiGuglielmo enthusiastically agreed to help me.

4.      After that, I accessed this Court's website and went to the "Rules of Practice" tab at the top of the page.  When the menu appeared, it contained the text word "Rules". I clicked on "Rules" and printed the Rules of Practice from this Court's website.  The Rules as I printed them from the Court's website set forth the Federal Circuit Rules side-by-side with the Federal Rules of Appellate Procedure. This is the set of Rules I used and referred to in the course of preparing StonCor's brief.

5.      We received the Notice of Docketing and associated papers from this Court via an e-mail dated 13 June 2013.  Attached to the Notice of Docketing was

the official caption of the case, a copy of the Notice of Appeal filed with the

Trademark Trial and Appeal Board, and copies of the two decisions of the

Trademark Trial and Appeal Board that are at issue in this appeal.  On the bottom

of the Notice of Docketing was the statement "Counsel may download the Rules of

Practice and required forms from 'www.cafc.uscourts.gov' or call 202-275-8000

for a printed copy".  Having just printed a copy of the Rules of Practice from the

Court's own website as detailed above, I was satisfied that I had the applicable

Rules to follow in the course of preparing the brief for StonCor.

6.      Subsequently, I conferred with Attorney DiGuglielmo extensively

regarding the preparation of the Brief.  Unfortunately, it was necessary for us to

obtain an extension of time to file the brief in that I was diagnosed on Friday, 21

June 2013 with an infection in the lower left portion of my jawbone, and

underwent surgery for that problem on the following Friday, 28 June 2013.  As a

result of the surgery and the difficulties I had in recovering from the same, it was

necessary to move for an extension of time to file StonCor's Brief, which this

Court generously granted.

7.      In the course of preparing StonCor's Principal Brief, Attorney

DiGuglielmo and I worked closely together, referring exclusively to the copies of

the Court's Rules of Practice that we had printed from the Court's website.

3

8.     I believed those Rules to be current and controlling as respecting preparation and filing of StonCor's brief.  In the time since we filed StonCor's brief on 26 September Attorney DiGuglielmo has told me several times that he believed those Rules to be current and to be exclusive and controlling with respect to the requirements for filing StonCor's brief in this Court.

9.     Based on the statement in the 13 June 2013 Notice of Docketing that "counsel may download the Rules of Practice and required forms from www.cafc.uscourts.gov or call 202-275-8000 for a printed copy" and the fact that there is no mention in those Rules of any requirement to file an electronic version of the brief in addition to the required paper copies, there was never any thought in my mind that an electronic filing was required in addition to the printed copies of the brief.  Had there been any such indication on the 13 June 2013 Notice of Docketing or in the Rules of Practice, we would have filed the brief in electronic form together with the printed copies of the brief when the brief was due on 26 September.  We had the brief in our word processing system.  Filing it electronically that day would have been straightforward.

10.     We have endeavored to contact Mr. Hoxie, counsel for the Appellee, by both telephone and by email on 8 October 2013, to ask him whether he will oppose this motion,  Mr. Hoxie has not responded to our communications.

4

11.    I hereby declare, under penalty of perjury pursuant to 28 USC 1746, that all statements made herein are true and that all statements made herein on information and belief are believed to be true and, further, that I realize that false statements and the like so made herein are punishable by fine, or imprisonment, or both, under 18 USC 1001 et seq.

Respectfully submitted,

Date:  10 October 2013

/Charles N. Quinn/
CHARLES N. QUINN
Attorney for Appellant
Fox Rothschild LLP
747 Constitution Drive, Suite 100
Exton, PA  19341
610-458-4984; Fax: 610-458-7337
cquinn@foxrothschild.com

# **EXHIBIT C**

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

STONCOR GROUP, INC.,        :

                   Appellant   :

             v.           :    NO.  13-1448

SPECIALTY COATINGS, INC.,    :

                  Appellee.   :

## <u>DECLARATION OF JOSEPH D. DIGUGLIELMO</u>

I, Joseph D. DiGuglielmo, hereby declare:

1.      I am a citizen of the United States of America, residing at 303 Sundance Drive, Chester Springs, Pennsylvania, 19425.  I am an associate attorney in the law firm of Fox Rothschild LLP, having my principal office at 747 Constitution Drive, Suite 100, Exton, Pennsylvania, 19341.  I have been admitted to practice before the Supreme Court of Pennsylvania and the Supreme Court of New Jersey for five years, and am a member in good standing of the Bar of each of those courts.  I have never been the subject of any disciplinary proceeding before any tribunal.  I am not currently admitted to practice before this Court.

2.      I make this Declaration in support of StonCor Group, Inc.'s ("StonCor") Motion to Accept Electronic Copy of Brief Out of Time, after

StonCor timely filed paper copies of its brief, but did not file an electronic copy at that time.  The statements made herein are based on my personal knowledge.

3.    StonCor's lead counsel, Charles N. Quinn, Esquire, a partner in the law firm of Fox Rothschild LLP, asked for my assistance in preparing StonCor's principal brief to this Court.

4.    In preparing for the task, I sought to obtain a copy of this Court's Rules of Practice.  To do so, I accessed the Court's website[1] and hovered the pointer over the "Rules of Practice" tab at the top of the page — but did not click on the tab.  By hovering the pointer over the tab, a roll-down menu appeared that contained the text "Rules."[2]  I clicked directly on "Rules," which directed me to the web page containing the text:  "RULES  Please click here to see the Rules of Practice."[3]  The page contained a link to a PDF file containing the Federal Circuit Rules side-by-side with the Federal Rules of Appellate Procedure.[4]  I printed that PDF file and saved it for later use when assisting Mr. Quinn in preparing StonCor's brief.

---

[1] http://cafc.uscourts.gov/

[2] *Id.*

[3] http://www.cafc.uscourts.gov/rules-of-practice/rules.html

[4] *Id.*

5.    Unfortunately, as I discovered later, by hovering over the "Rules of Practice" tab — instead of clicking on the tab — I was directed around, not through, the Court's "Notices" web page.[5]

6.    I have subsequently discovered that the fifth notice down on the "Notices" page contains a link to the Court's Administrative Order regarding electronic case filing. [6]

7.    In assisting in the preparation of StonCor's principal brief, I referred exclusively to the copy of the Court's Rules of Practice that I printed from the Court's website, which Rules I believed to be current.

8.    From the Rules, I determined that Federal Circuit Rule 31(b) required StonCor to file "12 copies of each brief, including the original."[7]  Considering the requirement of paper copies, I concluded that electronic filing was not mandatory based on Federal Circuit Rule 32(e), which states that, "[i]n addition to filing of a paper brief, a party may file a corresponding brief contained on a compact disc."[8]

---

[5] http://www.cafc.uscourts.gov/rules-of-practice/notices.html

[6] *Id.*

[7] Federal Circuit Rule 31(b).

[8] Federal Circuit Rule 32(e)

9.      StonCor filed the 12 paper copies of its principal brief on the day the brief was due (26 September 2013) and elected not to file a corresponding brief on compact disc, as permitted, but not required, by Rule 32(e).

10.      Concurrently with the filing of StonCor's Motion to Accept Electronic Copy of Brief Out of Time, StonCor is filing an electronic copy of its brief.  The electronic copy is identical to StonCor's timely-filed paper copies of the brief, filed on 26 September 2013, except that Mr. Quinn's handwritten signatures within the brief are replaced by his electronic signature.

11.      I hereby declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that all statements made herein are true and correct to the best of my knowledge, information, or belief.  I acknowledge that false statements made herein are punishable by fine, imprisonment, or both, under 18 U.S.C. § 1001, *et seq*.

Respectfully submitted,

Date:  10 October 2013              /s/ Joseph D. DiGuglielmo
                                   Joseph D. DiGuglielmo, Esquire
                                   Fox Rothschild LLP
                                   747 Constitution Drive, Suite 100
                                   Exton, PA  19341
                                   610-458-4984
                                   610-458-7337 (facsimile)
                                   *Attorneys for Appellant,*
                                   *StonCor Group, Inc.*

# EXHIBIT D

Form 9

FORM 9.   Certificate of Interest

---

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

StonCor Group, Inc.          v.   Specialty Coatings, Inc.

No. 13-1448

### CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party)
_____Appellant_____ certifies the following (use "None" if applicable; use extra sheets if necessary):

1.      The full name of every party or amicus represented by me is:


StonCor Group, Inc.

2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:




3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:


RPM International, Inc.

4. ☒   The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Fox Rothschild LLC, Charles N. Quinn, Esq.

_____27 June 2013_____
Date

Signature of counsel

Charles N. Quinn
Printed name of counsel

Please Note: All questions must be answered
cc: _____Thomas Hoxie, Esquire_____

124

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

STONCOR GROUP, INC.,                    :

                        Appellant    :

              v.                    :    NO.  13-1448

SPECIALTY COATINGS, INC.,               :

                    Appellee.    :

## <u>CERTIFICATE OF SERVICE</u>

I, Charles N. Quinn, being of full age, by way of certification state that a copy of the foregoing paper entitled "Motion by Appellant, StonCor Group, Inc., to Accept Electronic Copy of Brief Out of Time" was served on Appellee's counsel on the date set forth below via the Court's CMECF electronic filing system, as follows:

> Thomas Hoxie, Esquire
> Hoxie & Associates LLP
> 76 Main Street, Suite 301
> Millburn, NJ 07041
> tom@hoxpat.com

Date:   10 October 2013                    /s/ Charles N. Quinn
                                               Charles N. Quinn, Esquire